Randall A. Peterman, ISB No. 1944
Melodie A. McQuade, ISB No. 9433
GIVENS PURSLEY LLP
601 West Bannock Street
Post Office Box 2720
Boise, Idaho 83701
Telephone (208) 388-1200
Facsimile (208) 388-1300
rap@givenspursley.com
melodiemcquade@givenspursley.com
014448-0002

Attorneys for Defendant

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>FARMERS GRAIN, LLC,<br><br>　　　　　Debtor. | Case No. 17-00450-TLM<br>Chapter 7 |
| NOAH G. HILLEN, Trustee,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CLARICH FARMS, LLC,<br><br>　　　　　Defendant. | Adversary No. 19-06009-TLM |

**DECLARATION OF CHESTER MILLSAP IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    **CHESTER MILLSAP**, under penalty of perjury, hereby declares and states as follows:

DECLARATION OF CHESTER MILLSAP IN SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 1

14914494.1

1. I am over eighteen years of age, a resident of the state of Idaho and have personal knowledge of the matters set forth in this declaration.

2. Between April 2012 and August 2017, I was an employee of Farmers Grain, LLC ("Farmers Grain" or "Debtor"), which operated a grain facility also known as a grain elevator in Nyssa, Oregon. My job description at Farmers Grain included bookkeeping, handling contracts for commodities delivered to Farmers Grain for sale, and handling scale tickets and other documents for commodities delivered to Farmers Grain. Throughout this time, Farmers Grain both purchased and stored commodities. During that time I dealt with commodities stored by the defendant Clarich Farms LLC ("Defendant").

3. If commodities were delivered by a farmer like the Defendant to Farmers Grain, it was the practice, on the date of delivery, to have Farmers Grain issue a scale ticket to the farmer. This is what occurred with the Defendant. Farmers Grain retained a copy of the scale ticket to document the delivered commodity. If the commodity was not previously contracted or priced upon delivery, then usually the commodity would be kept at Farmers Grain until the farmer directed their sale. If not priced within approximately 60 days of delivery a "storage" (a common grain elevator term) fee was assessed upon the unpriced commodity until such time as the farmer ordered the sale.

4. Nearly every day, with input from Galen Jantz (the principal of Farmers Grain), I would track the market price for the unpriced commodities that had been delivered to Farmers Grain. Farmers would then call me from time to time to determine the price of their unpriced commodity on a given day.

5. When Farmers Grain received a sell order from a farmer, normally in an email I would advise Galen Jantz. Based upon that sale order from the farmer, Farmers Grain

**DECLARATION OF CHESTER MILLSAP IN SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 2**

14914494.1

would sell the commodity as directed, and would issue a final settlement statement (reflecting a summary of the scale tickets for the commodity, the sales price, and deductions for storage). Typically, within a few days, Farmers Grain issued the farmer a check, equal to the net amount reflected on the final settlement statement. This is what occurred with the Defendant.

6. During all of these transactions over a period of years, the same storage procedure would be followed in each case, as outlined above. It varied little, and it always involved the scale tickets, the check, the final settlement statement, all as indicated above.

7. The storage procedure was repeatedly used between Farmers Grain and the Defendant, and I understood it to establish our common understanding or agreement for Farmers Grain's storage dealings. It was always the process used by Farmers Grain as to delayed pricing for the commodities, and varied little during the years where commodities were stored at Farmers Grain.

8. I understand that this litigation involves wheat delivered by the Defendant to Farmers Grain in July 2016, and later sold on January 14, 2017.

9. The storage procedure was used as to all the wheat with delayed pricing delivered to Farmers Grain by the Defendant.

I declare under penalty of perjury under the laws of the state of Idaho that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this 3rd day of December, 2019.

_____
Chester Millsap

**DECLARATION OF CHESTER MILLSAP IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3**

14914494.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of January, 2020, I filed the foregoing **DECLARATION OF CHESTER MILLSAP IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Jed W. Manwaring**
jmanwaring@evanskeane.com
valerie@evanskeane.com

                                               */s/ Randall A. Peterman*
                                               Randall A. Peterman

**DECLARATION OF CHESTER MILLSAP IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4**

14914494.1