Jed W. Manwaring ISB #3040
EVANS KEANE LLP
1161 W. River Street, Suite 100
P. O. Box 959
Boise, Idaho 83701-0959
Telephone: (208) 384-1800
Facsimile: (208) 345-3514
E-mail: jmanwaring@evanskeane.com

Attorneys for Trustee, Noah G. Hillen

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>FARMERS GRAIN, LLC,<br><br>    Debtor. | Case No. 17-00450-TLM<br><br>Chapter 7 |
| NOAH G. HILLEN, Trustee,<br><br>    Plaintiff,<br><br>vs.<br><br>CLARICH FARMS, LLC,<br><br>    Defendant. | Adv. Pro. No. 19-06009-TLM |
| vs.<br><br>DESERET FARMS, INC.,<br><br>    Defendant. | Adv. Proc. No. 19-06010-TLM |
| vs.<br><br>FRAHM FARM, LLC.,<br><br>    Defendant. | Adv. Proc. No. 19-06011-TLM |

*PLAINTIFF'S DECLARATION OF CHESTER MILLSAP* - 1

| | |
|---|---|
| vs.<br><br>GW FARMS LLC,<br><br>Defendant. | Adv. Proc. No. 19-06013-TLM |
| vs.<br><br>PETERSON FARMS OF NYSSA, INC.,<br><br>Defendant. | Adv. Proc. No. 19-06015-TLM |

### PLAINTIFF'S DECLARATION OF CHESTER MILLSAP

CHESTER MILLSAP, declares and states as follows:

1. I am competent to testify and am over the age of 18 years. I reside in Idaho and have personal knowledge of the facts stated below. In addition to the prior Declaration given to Defendants in the above legal proceedings, I add the following:

2. I was an owner in, and have a 5% interest equity claim, in Farmers Grain LLC ("Farmers Grain"). I signed the Bankruptcy Petition in my management capacity of Farmers Grain.

3. The harvest of the Soft White Wheat ("SWW") in SW Idaho and E Oregon occurs in July of each year, which harvest generated large amounts of truck deliveries to Farmers Grain's bins or elevators in July of each year. The deliveries of one growers SWW in July were co-mingled with all other SWW deliveries from other growers. Farmers Grain never segregated, tracked, or labelled any delivered SWW received from or for any specific grower, except for one or two instances of weevil infestations.

4. During and after the SWW harvest and deliveries received in July, Farmers Grain shipped large amounts of SWW to buyers in the Tri-Cities WA area. These shipments increased cash flow and was necessary to free up bin or elevator space in preparation for the corn harvest in

October of each year. The corn harvest also generated large amounts of truck deliveries of corn to Farmers Grain's bins and elevators. Prior shipping these large amounts of SWW to buyers in the Tri-Cities area, Farmers Grain did not get the permission or consent from any of the farmers who originally delivered the SWW to Farmers Grain in July.

5. It was my understanding, that each delivery to Farmers Grain of SWW or Corn had to be paid for to the farmer at some time after the deliveries were made. Farmers Grain did not issue warehouse receipts to farmers in exchange for deliveries of SWW or other grain. No farmer ever came back and picked up previously delivered grain.

6. Some farmers delivering SWW in July of the year chose to be paid shortly after delivery. Some farmers signed a Wheat Contract in advance of harvest documenting an "oral agreement to buy and sell" selecting a future date and set price to be paid usually in September following the July harvest. Some farmers delivering SWW in July of the year, chose to not agree to any date for payment or price, but were allowed to defer receipt of payment to a future date of their choosing, upon which date a fluctuating market price would be quoted and paid. Very few farmers waited until the spring of the following year to be paid for their SWW delivered in July of the previous year.

7. I have reviewed Exhibits 1 through 8 ("Exhibits"), attached to the Declaration of Trustee Hillen. Each of those Exhibits are true and correct copies of some Farmers Grain's business records, created at or near the dates of those records, and were kept in the ordinary course of business. Specifically, Exhibit 8 confirms my statements above that large amounts of SWW were shipped to buyers in the Tri-Cities areas after the SWW July harvest in each year.

8. In my capacity and duties for Farmers Grain in handling deliveries, purchases, sales, and payments for grain, I was not aware of any licensing, bonding, or insuring of Farmers

*PLAINTIFF'S DECLARATION OF CHESTER MILLSAP - 3*

Grain with any governmental agency regarding storage of grain. I was not aware of any licensing of Farmers Grain through the Oregon Department of Agriculture as a "public warehouse" or "warehouseman" regarding storage of grain. To my knowledge Farmers Grain was not licensed under Oregon law as a "public warehouse" or "warehouseman" for grain storage.

Pursuant to 28 U.S.C. §1746, I declare, certify, verify, or state under penalty of perjury that the foregoing is true and correct.

DATED this 15 day of January, 2020.

_____
Chester Millsap

PLAINTIFF'S DECLARATION OF CHESTER MILLSAP - 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __15th__ day of January, 2020, I served a copy of the foregoing on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing.

**Melodie Annalise McQuade**  melodiemcquade@givenspursley.com, kendrah@givenspursley.com; kad@givenspursley.com

**Randall A. Peterman**  rap@givenspursley.com, kad@givenspursley.com; wandawhite@givenspursley.com

 ___/s/ Jed W. Manwaring___
 Jed W. Manwaring

*PLAINTIFF'S DECLARATION OF CHESTER MILLSAP - 5*